**UNITED STATES of America, Plaintiff,**

v.

**Yolanda Teneyuque TAYLOR, a/k/a Yolanda Teneyuque, Joe M. Teneyuque, Anita Teneyuque, Interfirst Bank of Nederland and L.W. Basco, Defendants.**

Civ. No. B–87–0048–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 27, 1987.

Joseph A. Pitzinger, III, Tax Div., Dept. of Justice, Dallas, Tex., for plaintiff U.S.

Joe M. Teneyuque and Anita Teneyuque, Beaumont, Tex., pro se.

M.C. Carrington, Beaumont, Tex., for InterFirst Bank Nederland.

### MEMORANDUM OPINION

HALL, District Judge.

This is an action to foreclose a federal tax lien on real property located in Jefferson County, Texas. The United States filed its first amended complaint on February 20, 1987, naming Yolanda Teneyuque Taylor, Joe M. Teneyuque, Anita Teneyuque, InterFirst Bank of Nederland, and L.W. Basco as defendants. The complaint alleged that during the years 1979 to 1982 a delegate of the Secretary of the Treasury made assessments against Anita Teneyuque totalling $10,271.89, and against her husband Joe M. Teneyuque totalling $12,553.82. The complaint further alleged that Mr. and Mrs. Teneyuque had an interest in the following real estate:

> All of Lots Nos. One (1) and Two (2), in Block No. Four (4) of the Perkins Addition to the City of Beaumont, Jefferson County, Texas, according to the map or plat of said addition of record in the office of the County Clerk of Jefferson County, Texas.

The United States sought to foreclose its tax lien against the real estate and to declare void a purported transfer of the property by the Teneyuques to their daughter, Yolanda Teneyuque Taylor.

InterFirst Bank of Nederland answered by way of denial. Joe and Anita Teneyuque filed an answer pro se, asserting that they owed no tax. Yolanda Teneyuque Taylor and L.W. Basco did not answer. InterFirst Bank of Nederland was

subsequently dismissed with prejudice by agreement.

Trial was held without a jury before Sam B. Hall, Jr., United States District Judge, on October 21, 1987. Joseph A. Pitzinger, III, appeared on behalf of the United States, and Joe M. Teneyuque and Anita Teneyuque appeared pro se. Yolanda Teneyuque Taylor did not appear in person or through an attorney. Mr. Pitzinger informed the Court that he would seek dismissal of L.W. Basco as a defendant.

Mr. Basco testified that on July 3, 1973, he conveyed, by warranty deed, the subject property to Mr. and Mrs. Teneyuque. Mr. and Mrs. Teneyuque simultaneously therewith executed a promissory note secured by a deed of trust in favor of Mr. Basco. Mr. Basco subsequently assigned the note and lien to Nettie Perkins on July 10, 1973. Mrs. Perkins executed a release of lien on December 10, 1986, to the Teneyuques in consideration of full payment of the indebtedness.

Mr. Teneyuque testified that he executed an assumption deed in favor of his daughter Yolanda on September 14, 1983. Yolanda paid ten dollars consideration and assumed the mortgage. Mr. Teneyuque believed that the value of the property was approximately $10,000.00. At the time of the execution of the deed, Yolanda was nineteen years old, unmarried, and resided with her parents. Yolanda had occasionally contributed to household bills prior to the execution of the deed, and continued, to some extent, to do so after the conveyance was made. Mr. and Mrs. Teneyuque, however, made the mortgage payments to Nettie Perkins and made payments for real estate taxes. The Teneyuques have never paid rent to their daughter. In July of 1985, after Yolanda had moved away from her parents and had married, she discontinued payments for household expenses.

Mrs. Teneyuque testified that she wrote all checks for payment to Nettie Perkins. She further testified that she continued to pay on the mortgage after her daughter moved away, and that she paid all real estate taxes.

In 1979 and 1982, Mr. Teneyuque filed forms 1040A. The forms disclosed no income, and letters signed by Mr. Teneyuque accompanying the forms informed the Service that disclosure of his gross income would incriminate him. During the years 1979 to 1982, a delegate of the Secretary of the Treasury made assessments against both Mr. and Mrs. Teneyuque. On September 20, 1982, the Service issued notices of deficiency to Mr. and Mrs. Teneyuque regarding their 1980 tax liabilities. Mr. and Mrs. Teneyuque petitioned the Tax Court, and on August 3, 1983, one month prior to Mr. Teneyuque's purported conveyance of the subject property to his daughter, Mrs. Taylor, the Tax Court entered an order upholding the deficiencies. Mr. Teneyuque has not filed a tax form since 1982.

Under Texas law, a transfer of real property is void with respect to a creditor if the transfer was intended to delay, hinder, or defraud such creditor. Tex.Bus. & Com. Code Ann. § 24.02(a)(1), (2) (Vernon 1968) (*see* Tex.Bus. & Com.Code Ann. § 24.005 note (Vernon 1987)), *repealed by* Act of June 19, 1987, ch. 1004, § 1, 1987 Tex. Sess.Law Serv. 6805, 6817–18 (Vernon).[1]

The law further provides that:

[a] transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts.

*Id.* § 24.03(a). The United States is a creditor of any person liable to pay tax who refuses or neglects to pay, and on assessment a tax lien arises in favor of the United States upon all property belonging to

---

1. "[The 1987] Act applies only to transfers made and obligations incurred by debtors, as determined under Section 24.007, Business & Commerce Code, as added by this Act, on or after [September 1, 1987]. Transfers made and obligations incurred before that date are governed by the law in effect immediately before this Act took effect, and that law is continued in effect for that purpose." Act of June 19, 1987, ch. 1004, § 2, 1987 Tex.Sess.Law Serv. 6805, 6817 (Vernon).

that person. 26 U.S.C.A. § 6321 (West 1967).

The Court announced judgment for the United States from the bench. On November 24, 1987, the Court signed Findings of Fact and Conclusions of Law. The Court found that L.W. Basco did not have an interest in the subject property, and that an Agreed Final Judgment as to defendant InterFirst Bank of Nederland was entered on October 14, 1987. The Court further found that the September 14, 1983, transfer of the subject property by Mr. Teneyuque to his daughter by assumption deed was intended to delay, hinder, or defraud the United States, and that the transfer was not made for fair consideration. The Court concluded that the United States had properly perfected its lien upon all property and rights to property of Mr. and Mrs. Teneyuque. Accordingly, by Final Judgment entered on November 24, 1987, the Court set aside the September 14, 1983, transfer as void, and ordered the foreclosure of the subject property.